```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANCISCO GARCIA,                             :

                                              :      OPINION AND ORDER

             Plaintiff,                              15 Civ. 6544 (GWG)
                                              :
             -v.-
                                              :

COMMISSIONER OF SOCIAL SECURITY,              :

             Defendant.                       :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      Plaintiff Francisco Garcia brings this action under 42 U.S.C. § 405(g) and 1383(c) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income and disability insurance benefits under the Social Security Act.  On March 1, 2016, the Commissioner moved for Judgment on the Pleadings pursuant to Fed R. Civ. P. 12(c).  See Motion for Judgment on the Pleadings, filed March 1, 2016 (Docket # 14); Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, filed March 1, 2016 (Docket # 15) ("Comm. Mem."). Garcia, who is proceeding pro se, has not filed any opposition to the Commissioner's motion. For the following reasons, the Commissioner's motion is denied and the case is ordered remanded.

I.      BACKGROUND

      A.      Garcia's Claim for Benefits and Procedural History

      Garcia filed applications for benefits on April 11, 2013, alleging disability beginning on April 17, 2010.  See Administrative Record, filed March 1, 2016 (Docket # 13) ("R."), at 23.

The Social Security Administration ("SSA") denied his applications on June 26, 2013.  Id.  On August 22, 2014, Administrative Law Judge Patrick Kilgannon ("ALJ") held a hearing by video during which Garcia was represented by an attorney.  R. 40-58.  Testimony was taken from vocational expert Melissa Bass-Harlan.  R. 51-58.  On November 4, 2014, the ALJ issued a decision finding that Garcia was not disabled.  R. 23-32.  The Appeals Council denied Garcia's request for review on July 21, 2015, making the ALJ's determination the Commissioner's final decision.  R. 1-7.  Garcia filed the instant lawsuit to review that determination on August 19, 2015.  Complaint, filed August 19, 2015 (Docket # 2).

      B.      The ALJ's Decision

The ALJ ruled that Garcia had not been under a disability since April 11, 2013, the date he filed his application for benefits.  R. 32.  In his decision, the ALJ used the five-step sequential evaluation process described in the Social Security regulations for determining whether an individual is disabled.  R. 23-25; see 20 C.F.R. 416.920(a).  The ALJ found that Garcia met the insured status requirements of the Social Security Act through September 30, 2011, R. 25; that Garcia had not engaged in substantial gainful activity since April 17, 2010, the date of the alleged onset of his limitations, id.; and that Garcia suffered from two severe impairments — specifically, a "learning disorder" and "major depressive disorder," id.

The ALJ determined, however, that Garcia's alleged physical impairments, "including hypertension, a back disorder, high cholesterol, asthma, and glaucoma," were non-severe.  R. 25-26.  In reaching this determination, the ALJ gave the opinion of a consulting physician, Dr. Iqbal Teli, "[g]reat weight," which the ALJ found was well supported by Dr. Teli's examination.  R. 26.

Next, the ALJ determined that Garcia "d[id] not have an impairment or combination of

impairments that me[t] or medically equal[ed] the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1." R. 26 (citation omitted). The ALJ found that in activities of daily living, Garcia had only a "mild restriction." Id. With regard to social functioning, concentration, persistence or pace, the ALJ found that Garcia had only moderate difficulties. Id. The ALJ acknowledged that Garcia did suffer from certain difficulties with memory and concentration, but noted that he "was able to count and recalled 2 of 3 objects after 5 minutes." Id. The ALJ found that Garcia held the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled tasks in a low stress job, occasional decision making and occasional changes in work setting. Occasional interaction with public and co-workers.

R. 27.

Although the ALJ found that Garcia's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he found that Garcia's description regarding the intensity and limiting effects of the symptoms was not entirely credible. R. 28. The ALJ noted, among other things, that Garcia's "allegations are not supported by the treating source evidence of record, which reflects a positive response to medication treatment and therapy," and that overall Garcia's "treatment has been conservative and he endorsed an ability to perform several activities of daily living." Id.

In reaching this conclusion, the ALJ dismissed an opinion from treating physician Dr. Upendra Bhatt that Garcia was unable to work for at least 12 months due to his mood disorder, and that he was, for a time, temporarily unemployable. R. 30. The ALJ found Dr. Bhatt's opinion "highly inconsistent with her own treatment notes[,] . . . with [Garcia's] conservative course of treatment, which has only involved therapy and medication management [, and Garcia's] activities of daily living." Id. Similarly, the ALJ granted "little weight" to the opinion

3

of consultive examiner Dr. David Mahony.  He determined that Dr. Mahony's "conclusions [were] largely based on [Garcia's] own subjective complaints, as Dr. Mahony failed to observe any perceptual disturbances during his examination," and that his conclusions were generally inconsistent with both his own examination results and Garcia's ability to perform activities of daily living.  Id.

The ALJ assigned "great weight" to the opinion of DDS mental consultant Dr. L. Blackwell.  Id.  The ALJ noted that Dr. Blackwell's conclusions were consistent with Garcia's "conservative course of treatment . . . [and Garcia's] activities of daily living."  Id.  The ALJ also awarded "[s]ome weight" to the opinion of Dr. Michael McNett,[1] one of Garcia's treating physicians, who concluded that Garcia had no functional limitations, because the conclusion was "supported by the record," and Garcia's "lack of treatment for his alleged physical impairments."  R. 30-31.  The ALJ also reviewed the third party function report of Ms. Norma Tejada, but granted it no more weight than the claimant's own testimony.  R. 31.

The ALJ determined that Garcia was capable of performing his past relevant work as a cleaner, both "as actually and generally performed," and thus that Garcia had not been under a disability since April 17, 2010.  R. 31-32.

II.     APPLICABLE LAW

A court reviewing a final decision by the Commissioner "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (citation and quotation marks omitted); accord Burgess v. Astrue, 537 F.3d 117,

---

[1] The ALJ incorrectly referred to Dr. McNett as Dr. "Manett" or "Manette."  Compare R. 30, 31 with R. 405, 409.

127 (2d Cir. 2008); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); id. § 1383(c)(3) ("The final determination of the Commissioner of Social Security . . . shall be subject to judicial review as provided in section 405(g) . . . ."). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); accord Burgess, 537 F.3d at 127-28; Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (citation and internal quotation marks omitted). Thus, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." Johnson v. Astrue, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) (citing Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)); accord McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.") (citation omitted). The Second Circuit has characterized the "substantial evidence" standard as "a very deferential standard of review — even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the

reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." Johnson, 563 F. Supp. 2d at 454 (citation and internal quotation marks omitted).

III.   DISCUSSION

Garcia's form complaint seeks reversal or remand of the ALJ's decision on the ground that the decision was "not supported by substantial evidence . . . and/or contrary to law." Complaint, filed August 19, 2015 (Docket # 2), at 2. While Garcia has not filed any further papers, a claimant's failure to submit a motion for judgment on the pleadings "does not prevent the Court from remanding this matter to the Commissioner if the record shows that remand is warranted." Rivera v. Comm'r of Soc. Sec., 2015 WL 6619367, at *9 (S.D.N.Y. Oct. 30, 2015) (quoting Orr v. Comm'r of Soc. Sec., 2014 WL 4291829, at *4 (S.D.N.Y. Aug. 26, 2014)). The defect we see in the proceeding before the agency relates to the consideration of evidence that was submitted by Garcia to the Appeals Council following the adverse decision from the ALJ. Accordingly, we begin by reviewing the law governing the submission of such evidence.

Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), a claimant may submit new evidence to the Appeals Council if it is "new," "material," and "relates to the period on or before the [ALJ's] hearing decision." It is undisputed that these three criteria were met in Garcia's case.

If the Appeals Council denies review of the ALJ's decision, the new evidence "becomes part of the administrative record for judicial review." See Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996). Typically, a district court then "review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the Secretary." Id. at 46; accord Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015); Urena v. Colvin, 2015 WL 585583, at *9 (S.D.N.Y. Feb. 11, 2015).

When the new evidence submitted to the Appeals Council includes the opinion of a treating physician, however, the Appeals Council must give the same degree of deference to this opinion that an ALJ would be required to give. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999); accord Shrack v. Astrue, 608 F. Supp. 2d 297, 302 (D. Conn. 2009). Under the so-called "treating physician rule," an ALJ generally must give "more weight to opinions" of a claimant's treating physician when determining if the claimant is disabled. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). An ALJ must accord "controlling weight" to a treating physician's medical opinion as to the nature and severity of a claimant's impairments if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Id. §§ 404.1527(c)(2), 416.927(c)(2). If the ALJ does not give controlling weight to a treating physician's opinion, the ALJ must provide "good reasons" for the weight given to that opinion. Halloran v. Barnhart, 362 F.3d 28, 32-33 (2d Cir. 2004) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)) (internal quotation marks omitted). The regulations make clear that the SSA "will always give good reasons . . . for the weight [they] give [a claimant's] treating source's opinion," 20 C.F.R. § 404.1527(c)(2). Case law holds that "[f]ailure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)).

Where the Appeals Council fails to appropriately consider new and material evidence in light of the treating physician rule, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." Shrack, 608 F. Supp. 2d at 302 (citing Milano v. Apfel, 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); accord Collazo v. Colvin, 2015 WL

9690324, at *13 (S.D.N.Y. Dec. 22, 2015) (noting that "the Appeals Council is bound by the treating physician rule," and that the Council's boilerplate denial failed to satisfy the regulation's requirement that the Commissioner give good reasons for rejecting such an opinion); Lebow v. Astrue, 2015 WL 1408865, at *6-7 (S.D.N.Y. Mar. 9, 2015) (same); La Torre v. Colvin, 2015 WL 321881, at *13 (S.D.N.Y. Jan. 26, 2015) (same).

  Here, after receiving an unfavorable decision from the ALJ in this matter, Garcia sought review from the Appeals Council. See R. 1-7. In his submission to the Appeals Council, Garcia included a number of documents that were not previously made available to the ALJ. See R. 4-5. These documents included questionnaires completed by two treating physicians: one from Dr. Homa Gerami dated June 26, 2014, R. 386-90, and another from Dr. Raman Patel dated July 1, 2014, R. 379-83. Dr. Gerami's questionnaire notes that she first treated Garcia on September 27, 2012, and, at least for the year of 2014, saw Garcia every two months. R. 386. Dr. Gerami's answers to the questionnaire reflect her opinion that Garcia suffers from severe physical restrictions, including a near inability to lift or carry items weighing less than 5 pounds and the ability to remain seated for at most an hour and stand for less than an hour in a normal 8-hour workday. R. 388-90. Dr. Gerami also states that Garcia's symptoms would require him to take unscheduled breaks every 30 minutes to an hour, that his symptoms would "[f]requently" interfere with his attention and concentration during a normal 8-hour work day, and that they would cause him to be absent from work more than three times per month. R. 390. Dr. Gerami also indicated that these symptoms have been present since Garcia's first treatment date, September 27, 2012. Id.

  Dr. Patel's responses depict Garcia's mental impairments as significant. Dr. Patel notes that his treatment relationship with Garcia began on December 2, 2012, and that he has seen

Garcia "[e]very 1 to 2 months." R. 379. Dr. Patel stated that Garcia was diagnosed with "major depression - recurrent," and that he suffered from symptoms including feelings of guilt or worthlessness, a flat affect, difficulty thinking or concentrating, and auditory hallucinations. R. 379-80. Dr. Patel suggested that Garcia suffered from various moderate-to-marked limitations in an array of mental activities, including marked limitations in both "complet[ing] a workday without interruptions from psychological symptoms," and "[p]erform[ing] at a consistent pace without rest periods of unreasonable length or frequency." R. 382. Dr. Patel concluded that Garcia was likely to be absent from work more than three times per month due to his impairments and treatment. R. 383. Dr. Patel stated that Garcia's symptoms occurred as far back as December 2, 2012. Id.

The Appeals Council, however, provided no explanation for why it rejected this evidence in its denial of Garcia's request for review. See R. 1-7. This evidence appears to have significance, given that it falls in line with other evidence that the ALJ rejected. See, e.g., R. 30 (rejecting Dr. Bhatt's opinion that Garcia was unable to work for a period of time due to his mood disorder); R. 29-30 (rejecting Dr. Mahony's conclusions that Garcia suffered from, among other things, "marked limitations [in] making appropriate decisions, relating to others, and dealing with stress," because his conclusions were based heavily on Garcia's subjective complaints). Dr. Gerami and Dr. Patel's conclusions that Garcia would be absent from work more than three times per month are relevant to whether Garcia can engage in past work inasmuch as such a limitation would, as the vocational expert described, "preclude all work." R. 57-58.

Although the Appeals Council included these medical opinions in the administrative record, R. 4-5, its ruling stated only that the record evidence "does not provide a basis for

9

changing the [ALJ's] decision," R. 2.  The decision does not discuss either Dr. Gerami or Dr. Patel's new medical opinions, let alone give "good reasons" for rejecting such opinions, as is required by the treating physician rule.  Halloran, 362 F.3d at 32-33.  The agency's failure to provide this explanation was legal error.  See Collazo v. Colvin, 2015 WL 9690324, at *13 (S.D.N.Y. Dec. 22, 2015) ("[T]he Appeals Council stated . . . that it 'considered . . . the additional evidence' and that it . . . 'did not provide a basis for changing the [ALJ]'s decision.'  This statement did not 'satisfy the regulations' requirement that the Commissioner give good reasons for the weight given [to] the treating physician's opinion.") (quoting McIntire v. Astrue, 809 F. Supp. 2d 13, 20-21 (D. Conn. 2010)) (further citations omitted); Lebow v. Astrue, 2015 WL 1408865, at *6-7 (S.D.N.Y. Mar. 9, 2015) (noting that new evidence was submitted before the Appeals Council, and that "[t]he Appeals Council's failure to evaluate this additional evidence in the manner required by the treating physician rule was legal error and prejudiced [claimant]."); La Torre v. Colvin, 2015 WL 321881, at *13 (S.D.N.Y. Jan. 26, 2015) ("Because Dr. Takeshige's and Dr. Bhatt's multiple impairment questionnaires were new evidence from treating physicians, the Appeals Council was required to evaluate them according to the applicable regulations and give reason[s] for its determination not to credit the favorable reports.  Failure to do so was legal error.") (internal citations omitted).

      The defendant argues, Comm. Mem. at 23-25, that both Dr. Gerami and Dr. Patel's opinions are disputed by the other medical evidence of record.  See, e.g., R. 293 (Dr. McNett describes Garcia as suffering from "[n]o functional limitations"); R. 73-74 (Dr. Blackwell concludes that Garcia "can return to his past work.").  We agree.  Indeed, some of Dr. Gerami and Dr. Patel's conclusions appear inconsistent with their own earlier findings.  See, e.g., R. 425-26 (Dr. Gerami's January 10, 2014, report notes that Garcia has no uncontrolled pain, "feels

10

better after increasing his medication," and had "[n]o complains [sic] today."); R. 428-29 (Dr. Patel's October 28, 2014, report notes that despite the recent death of Garcia's brother, he presented a stable affect, intact memory, normal thought content, and good insight, impulse control, and judgment). But the defendant provides no basis for excusing the agency from the requirement that it make findings as to the impact of the "treating physician rule" and provide "good reasons" for rejecting a treating physician's opinion.

Defendant cites to an unpublished decision in the case of Feliciano v. Colvin, 14 Civ. 9088 (S.D.N.Y. Jan. 8, 2016), annexed as Ex. A to Comm. Mem., in which the court performed a treating physician analysis based on new evidence submitted to the Appeals Council. But even Feliciano recognized that remand is appropriate where "the new evidence contradict[s] the ALJ's conclusion in important respects," as is true here. Feliciano at 11 (citing Lesterhuis, 805 F.3d at 88). Notably, in Feliciano, the medical records and the opinions of three consulting physicians refuted the new evidence. Id.

Here, by contrast, the evidence supporting the ALJ's opinion is not nearly as strong as in Feliciano. The ALJ's conclusions rely heavily on the opinion of a consultant, Dr. Blackwell, see R. 30, who does not appear to have met with Garcia, but who instead based his opinion on a review of medical records. R. 59-80; 339-43; see also R. 267 (Garcia's representative describes Dr. Blackwell as a "non-examining" physician). Generally, such reports are entitled to less weight than those of a treating or consulting physician who examined a claimant. See Bailey v. Comm'r of Soc. Sec., 2016 WL 3962950, at *8 (E.D.N.Y. July 21, 2016) ("because Dr. Gonzalez was a non-examining physician, his findings may be deemed 'not sufficiently substantial to undermine the opinion of the treating physician'") (quoting Burgess, 537 F.3d at 128).

The premise of the "good reasons" requirement is "to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable." Snell, 177 F.3d at 134. Just as in Snell, Garcia should have the benefit of the Commissioner's consideration of Dr. Gerami and Dr. Patel's opinions. If the Commissioner does not grant benefits, the agency decision should give "good reasons" for doing so.[2]

IV.  CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings (Docket # 14) is denied, and the case is remanded for further proceedings in accordance with this Opinion.

SO ORDERED.

Dated: September 23, 2016
       New York, New York

                                                  _____
                                                  GABRIEL W. GORENSTEIN
                                                  United States Magistrate Judge

Copy sent to:

Francisco Garcia
1201 University Ave.
#4A
Bronx, NY 10452

---

[2] Defendant's memorandum of law argues in the alternative that the evidence need not be considered because Garcia did not show "good cause" for his failure to present the evidence earlier. Comm. Mem. at 22-23. This argument is rejected because the regulations contain no "good cause" requirement and case law has so recognized. See, e.g., Shrack, 608 F. Supp. 2d at 302 (a claimant "is expressly authorized to submit new evidence to the Appeals Council without demonstrating good cause").

12